# COMPOSITE EXHIBIT A

AM 7692772.1

# Case Information

| | | |
|---|---|---|
| **Local Case Number:** | **State Case Number:** | **Case Style:** |
| 2026-007504-CA-01 | 132026CA00750401GE01 | CHARLES HOLLIS vs DEUTSCHE BANK |
| **Filing Date:** | **Judicial Section:** | **Case Status:** |
| 04/13/2026 | CA09 - Downtown Miami - Judge Cynamon, Abby | OPEN |
| **Case Type:** | **Consolidated Case No.:** | |
| RPMF -Homestead | | |

# Related Cases

No data available

# Hearing Details

No data available

# Parties

| Party Description | Party Name | Attorney Information | Other Attorney(s) |
|---|---|---|---|
| Plaintiff | HOLLIS, CHARLES | | |
| Defendant | DEUTSCHE BANK | | |

# Dockets

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 12 | 04/23/2026 | | Order: | Event | ON EMERGENCY MOTION |
| 11 | 04/21/2026 | | Emergency Motion | Event | for Temporary Restraining Order and Preliminary Injunction Staying Foreclosure Sale Sale Date: April 21, 2026 |
| 10 | 04/21/2026 | | Emergency Motion | Event | For Temporary Restraining Order |
| 9 | 04/21/2026 | | Receipt: | Event | Receipt#:2280015 Amt Paid:$10.00 Comment: Allocation Code Quantity Unit Amount 3139-Summons Issue Fee 1 $10.00 $10.00 Tender Type:Visa Card Tender Amt:$10.00 Receipt Date:04/21/2026 Register#:228 Cashier:e405496 |
| | 04/21/2026 | | 20 Day Summons Issued | Service | |
| 8 | 04/21/2026 | | 20 Day Summons Issued | Event | |
| 6 | 04/13/2026 | | Receipt: | Event | Receipt#:2810017 Amt Paid:$1,906.00 Comment: Allocation Code Quantity Unit Amount 3201-Foreclosure Filing 1 $1,906.00 $1,906.00 Tender Type:Indigent Tender Amt:$1,906.00 Receipt Date:04/13/2026 Register#:281 Cashier:SFlower |
| 5 | 04/13/2026 | | Filed at Dade County Courthouse | Event | |
| 4 | 04/13/2026 | | Certificate of Indigency / Insolvency | Event | |

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 3 | 04/13/2026 | | Affidavit of Indigency | Event | |
| 2 | 04/13/2026 | | Complaint | Event | |
| 1 | 04/13/2026 | | Civil Cover Sheet - Claim Amount | Event | |

Case 1:26-cv-23301-XXXX   Document 1-2   Entered on FLSD Docket 05/11/2026   Page 3 of 26

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

**DIVISION**
☒ CIVIL
☐ DISTRICTS
☐ FAMILY
☐ OTHER

## CIVIL COVER SHEET

CASE NUMBER: _____

JUDGE _____

2500750401 (09)

| PLAINTIFF | VS. DEFENDANT | CLOCK IN |
|---|---|---|
| Charles Hollis | Deutsche Bank | |

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001 - $50,000
☐ $50,001 - $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**
☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence - other
　☐ Business governance
　☐ Business torts
　☐ Environmental/Toxic Tort
　☐ Third party indemnification
　☐ Construction defect
　☐ Mass tort
　☐ Negligent security
　☐ Nursing home negligence
　☐ Premises liability - commercial
　☐ Premises liability - residential
☐ Products liability
☒ Real property/Mortgage foreclosure
　☐ Commercial foreclosure
　☒ Homestead residential foreclosure
　☐ Non-homestead residential foreclosure
　☐ Other real property actions
☐ Professional malpractice
　☐ Malpractice - business
　☐ Malpractice - medical
　☐ Malpractice - other professional

☐ Other
☐ Antitrust/Trade regulation
☐ Business transactions
☐ Constitution challenge-statute or ordinance
☐ Constitution challenge-proposed amendment
☐ Corporate trust
☐ Discrimination-employment or other
☐ Insurance claims
☐ Intellectual property
☐ Libel/Slander
☐ Shareholder derivative action
☐ Securities litigation
☐ Trade secrets
☐ Trust litigation

**COUNTY CIVIL**
☐ Civil
☐ Real property/Mortgage foreclosure
☐ Replevins
☐ Evictions
　☐ Residential Evictions
　☐ Non-residential Evictions
☐ Other civil (non-monetary)

CLK/CT. 096 Rev. 02/24

Clerk's web address: www.miamidadeclerk.gov

## COMPLEX BUSINESS COURT

REMEDIES SOUGHT (check all that apply):

☐ Monetary;

☐ Non-monetary declaratory or injunctive relief;

☐ Punitive

NUMBER OF CAUSES OF ACTION: [    ]

(specify) _____

_____

IS THIS CASE A CLASS ACTION LAWSUIT?

☐ Yes

☑ No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☑ No

☐ Yes If "Yes", list all related cases by name, case number, and court.

_____

_____

IS JURY TRIAL DEMANDED IN COMPLAINT?

☐ Yes

☑ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature _____   Florida Bar # _____

Attorney or party                         (Bar #, if attorney)

*Charles Hollis*                   4/7/26

(type or print name)                  Date

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT

IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CHARLES HOLLIS,

Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee,

Defendant.

Case No.: (NEW CASE — INDEPENDENT EQUITABLE ACTION)

26007504 CA01 (09)

_____

## VERIFIED COMPLAINT FOR INDEPENDENT EQUITABLE RELIEF:

### (1) FRAUD UPON THE COURT — VOID JUDGMENT;

### (2) LACK OF STANDING — NOTE HOLDER AT FILING;

### (3) TILA VIOLATIONS — RIGHT OF RESCISSION;

### (4) INJUNCTIVE RELIEF — STAY OF FORECLOSURE SALE

IMPORTANT NOTICE TO THE CLERK: This is a NEW independent equitable action. It is NOT to be filed into Case No. 2016-003907-CA-01. Plaintiff requests assignment of a new case number. See *Hallmark v. Allison*, 451 So.2d 521 (Fla. 3d DCA 1984).

COMES NOW Plaintiff Charles Hollis, pro se, and for this independent equitable complaint states:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under Art. V, § 5(b), Fla. Const., and § 26.012, Fla. Stat. This Court additionally has inherent equitable jurisdiction to entertain an independent action to set aside a void judgment obtained by fraud upon the court, without limitation by

any statutory deadline. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944); *DeClaire v. Yohanan*, 453 So.2d 375 (Fla. 1984).

2. Venue is proper in Miami-Dade County. The subject property is located here. All material acts occurred here.

## II. PARTIES

3. Plaintiff Charles Hollis is the titled owner of real property at 1510 NW 179th Terrace, Miami Gardens, Florida 33169 ("the Property").

4. Defendant Deutsche Bank National Trust Company purports to act as trustee for a securitized mortgage trust and claims an interest in the Property arising from foreclosure Case No. 2016-003907-CA-01.

## III. FACTUAL BACKGROUND

5. A Final Judgment of Foreclosure was entered in Case No. 2016-003907-CA-01. Plaintiff did not authorize any attorney to enter that litigation, file any pleading, or consent to judgment. The judgment was entered based on a false representation of authorized consent. The prior court has already ruled on that specific issue. Plaintiff does not re-litigate it here.

6. This action is brought on **independent grounds** — standing and TILA — that were never adjudicated on the merits in any prior proceeding.

7. The foreclosure sale is scheduled for April 21, 2026. Plaintiff has a constitutionally protected property interest and faces irreparable harm.

## IV. COUNT I — INDEPENDENT EQUITABLE ACTION: VOID JUDGMENT

Plaintiff realleges paragraphs 1–7.

8. This Count is brought as a true independent equitable action — not a Rule 1.540(b) motion. An independent equitable action to set aside a void judgment obtained by fraud upon the court is a recognized cause of action in Florida with no time limitation. *Hazel-Atlas*, 322 U.S. at 246; *Rooks v. Rooks*, 429 So.2d 1166 (Fla. 3d DCA 1983). The filing of this action as a new case — not a motion in the old case — is precisely the procedurally correct vehicle.

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

9. The judgment is void: it rested on a false representation to the court that Plaintiff consented through counsel who lacked any authority to do so. A void judgment conveys no rights and supports no foreclosure sale. De Clements v. De Clements, 662 So.2d 1276 (Fla. 3d DCA 1995).

Relief on Count I: Declaratory judgment that the Final Judgment of Foreclosure is void and of no force or effect.

## V. COUNT II — LACK OF STANDING: DEFENDANT NOT THE NOTE HOLDER AT FILING

Plaintiff realleges paragraphs 1–7.

10. Florida law is settled: a foreclosure plaintiff must be the holder or owner of the note *at the time the complaint is filed*. *McLean v. JP Morgan Chase Bank*, 79 So.3d 170, 173 (Fla. 4th DCA 2012). Standing cannot be established retroactively.

11. Defendant is Deutsche Bank National Trust Company acting as trustee for a securitized trust. Securitized trusts require a complete and unbroken chain of endorsements on the original note — blank, special, or allonge — delivered to the trust prior to the closing date of the trust. The chain of endorsements on the subject note was **never examined or proven** in the prior proceedings.

12. The mortgage was assigned through MERS. MERS acts as nominee only and may lack authority to assign the beneficial interest in the mortgage. *Mortgage Elec. Registration Sys., Inc. v. Azize*, 965 So.2d 151 (Fla. 2d DCA 2007). This assignment was never challenged on the merits.

13. Because standing was never actually litigated — the judgment was entered by consent, not after a merits hearing — this Court may reach it in this independent action. A court that lacked a standing plaintiff before it lacked jurisdiction to enter any judgment.

Relief on Count II: Declaratory judgment that Defendant lacked standing at the time of filing; vacatur of the Final Judgment of Foreclosure on jurisdictional grounds.

## VI. COUNT III — TRUTH IN LENDING ACT VIOLATIONS

Plaintiff realleges paragraphs 1–7.

14. The Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), imposes mandatory disclosure requirements on creditors. Section 1635 provides a right of rescission for up to three years where required disclosures were not made or were materially inaccurate — regardless of whether the loan has closed or a foreclosure is pending.

15. Plaintiff alleges on information and belief that the originating lender failed to provide complete and accurate TILA disclosures, including the accurate Annual Percentage Rate, the total finance charge, and the itemization of the amount financed. These violations, if proven, give rise to a right of rescission that voids the security interest in the Property as a matter of federal law. 15 U.S.C. § 1635(b).

16. TILA claims were never raised, heard, or adjudicated in the prior foreclosure proceeding. They are not barred by res judicata where the prior judgment was entered by unauthorized consent — not a contested merits adjudication. *Cromwell v. County of Sac*, 94 U.S. 351 (1876) (res judicata requires actual litigation of the issue).

Relief on Count III: Declaratory judgment of TILA violations and rescission of the mortgage security interest; injunction against enforcement of any security interest pending resolution.

## VII.  COUNT IV — INJUNCTIVE RELIEF: STAY OF FORECLOSURE SALE

Plaintiff realleges paragraphs 1–16.

17. Substantial likelihood of success: Three independent grounds — void judgment, lack of standing, and TILA rescission — each independently satisfy this element.

18. Irreparable harm: Loss of real property is irreparable harm as a matter of Florida law. *Vonck v. Vonck*, 427 So.2d 1135 (Fla. 3d DCA 1983). Once the April 21 sale closes, no remedy exists.

19. No adequate remedy at law: Title will transfer. Damages cannot restore homeownership.

20. Public interest: Courts of equity do not enforce void judgments or foreclosures by plaintiffs without standing. The public interest favors judicial integrity over expedient sales.

Relief on Count IV: Immediate temporary injunction and permanent injunction staying the foreclosure sale pending final judgment.

## VIII.  RESERVATION OF RIGHTS

Plaintiff reserves all rights under the Constitution of the United States and the Constitution of the State of Florida. The right to **Trial by Jury** on all triable issues is expressly preserved and has never been knowingly or voluntarily waived. *Johnson v. Zerbst*, 304 U.S. 458 (1938). Nothing herein constitutes consent to jurisdiction beyond what is necessary to obtain the relief requested. The burden of establishing jurisdiction over Plaintiff rests upon the party asserting it. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Charles Hollis respectfully requests:

1. Declaratory judgment that the Final Judgment of Foreclosure in Case No. 2016-003907-CA-01 is void;

2. Declaratory judgment that Defendant lacked standing at the time the foreclosure complaint was filed;

3. Declaratory judgment of TILA violations and rescission of the mortgage security interest;

4. Immediate temporary injunction and permanent injunction staying the April 21, 2026 foreclosure sale;

5. Full evidentiary hearing with Trial by Jury preserved on all triable issues; and

6. Such further equitable relief as justice requires.

## VERIFICATION

I, Charles Hollis, under penalties of perjury pursuant to § 92.525, Fla. Stat., declare that the facts stated in this Verified Complaint are true and correct to the best of my knowledge and belief.

_____   Date: __4/7/26__

**CHARLES HOLLIS, Plaintiff Pro Se**

1510 NW 179th Terrace, Miami Gardens, FL 33169

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon counsel for Appellee/Defendant Deutsche Bank National Trust Company by ☐ U.S. Mail ☑ E-Service on this __7th__ day of April, 2026.

_____

**CHARLES HOLLIS, Pro Se**

1510 NW 179th Terrace, Miami Gardens, FL 33169

IN THE CIRCUIT/COUNTY COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

**Charles Hollis**
Plaintiff/Petitioner or In the Interest of

**Deutsche Bank** vs.
Defendant/Respondent

CASE NO. ___26007 50 4 CA01___

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have __2__ dependents. (Include only those persons you list on your U.S. Income tax return.)
   Are you Married?...Yes...(No)   Does your Spouse Work?...Yes....No   Annual Spouse Income? $ __0__

2. I have a net income of $ ____ paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly ( ) yearly ( ) other _____
   (Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court-ordered payments such as child support.)

3. I have other income paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly ( ) yearly ( ) other _____
   (Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")

| | | | |
|---|---|---|---|
| Second Job | Yes $ ____ (No) | Veterans' benefits | Yes $ ____ (No) |
| Social Security benefits | | Workers compensation | Yes $ ____ (No) |
| For you | Yes $ ____ (No) | Income from absent family members | Yes $ ____ (No) |
| For child(ren) | Yes $ ____ (No) | Stocks/bonds | Yes $ ____ (No) |
| Unemployment compensation | Yes $ ____ (No) | Rental income | Yes $ ____ (No) |
| Union payments | Yes $ ____ (No) | Dividends or interest | Yes $ ____ (No) |
| Retirement/pensions | Yes $ ____ (No) | Other kinds of income not on the list | Yes $ ____ (No) |
| Trusts | Yes $ ____ (No) | Gifts | Yes $ ____ (No) |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: (Circle "yes" and fill in the value of the property, otherwise circle "No")

| | | | |
|---|---|---|---|
| Cash | (Yes) $ 150   No | Savings account | (Yes) $ ____   No |
| Bank account(s) | (Yes) $ ____   No | Stocks/bonds | Yes $ ____   (No) |
| Certificates of deposit or | | Homestead Real Property* | (Yes) $ 1,500.00 No |
| Money market accounts | Yes $ ____ (No) | Motor Vehicle* | (Yes) $ ____   No |
| Boats* | Yes $ ____ (No) | Non-homestead real property/real estate* | Yes $ ____ (No) |
| | | Other assets* | Yes $ ____ (No) |

Check one: I ( ) DO (✓) DO NOT expect to receive more assets in the near future. The asset is _____

5. I have total liabilities and debts of $3,000 as follows: Motor Vehicle $ ____, Home $1,500.00 Boat $ ____, Non-homestead Real Property $ ____, Child Support paid direct $ ____, Credit Cards $700.00, Medical Bills $0, Cost of medicines (monthly) $20, Other $800.00.

6. I have a private lawyer in this case ......... ___Yes   X No

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information I have provided on this application is true and accurate to the best of my knowledge.

Signed on __April 7__, 20__26__

**1974**   **0460**
Year of Birth   Last 4 digits of Driver License or ID Number

Signature of Applicant for Indigent Status: _C. Holl_____
Print Full Legal Name: __Charles Hollis__

Email address: __c_hollywood@hotmail.com__   Phone Number/s: __305-725-6072__

__1510 NW 179th Terrace  Miami, FL 33169__
Address: Street, City, State, Zip Code

This form was completed with the assistance of: _____
Clerk/Deputy Clerk/Other authorized person.

### CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be (✓) Indigent ( ) Not Indigent, according to s. 57.082, F.S.

Dated on __APR 13 2026__, 20____.

Clerk of the Circuit Court
By _____, Deputy Clerk   30976

APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.
Sign here if you want the judge to review the clerk's decision _____

07/01/2014 - upd 7-20-18

IN THE CIRCUIT/COUNTY COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

**Charles Hollis**
Plaintiff/Petitioner or In the Interest of

CASE NO. **2600750 4 CA01 (09)**

**Deutsche Bank** vs.
Defendant/Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have **2** dependents. (Include only those persons you list on your U.S. Income tax return.)
   Are you Married?...(Yes)..(No)   Does your Spouse Work?...Yes....No   Annual Spouse Income? $ 0

2. I have a net income of $ **0** paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly ( ) yearly ( ) other _____
   (Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, **minus** deductions required by law and other court-ordered payments such as child support.)

3. I have other income paid ( ) weekly ( ) every two weeks  ( ) semi-monthly ( ) monthly ( ) yearly ( ) other _____
   (Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")

| | | | |
|---|---|---|---|
| Second Job ................................ Yes $ _____ (No) | Veterans' benefits ....................... Yes $ _____ (No) |
| Social Security benefits | Workers compensation ................... Yes $ _____ (No) |
| For you ................................ Yes $ _____ (No) | Income from absent family members ....... Yes $ _____ (No) |
| For child(ren) ..................... Yes $ _____ (No) | Stocks/bonds ............................ Yes $ _____ (No) |
| Unemployment compensation ........ Yes $ _____ (No) | Rental income .......................... Yes $ _____ (No) |
| Union payments ...................... Yes $ _____ (No) | Dividends or interest ................... Yes $ _____ (No) |
| Retirement/pensions ................ Yes $ _____ (No) | Other kinds of income not on the list ... Yes $ _____ (No) |
| Trusts ................................ Yes $ _____ (No) | Gifts .................................. Yes $ _____ (No) |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: (Circle "yes" and fill in the value of the property, otherwise circle "No")

| | | |
|---|---|---|
| Cash ........................................ (Yes)$ 150   No | Savings account ........................... (Yes)$ _____   No |
| Bank account(s) ....................... (Yes)$ _____   No | Stocks/bonds .............................. Yes $ _____   No |
| Certificates of deposit or | Homestead Real Property* ............ (Yes)$ 1,500.00 No |
| Money market accounts ........... Yes $ _____ (No) | Motor Vehicle* ............................ (Yes)$ _____   No |
| Boats* ................................ Yes $ _____ (No) | Non-homestead real property/real estate* ....... Yes $ _____ (No) |
| | Other assets* ............................. Yes $ _____ (No) |

Check one: I ( ) DO (✓) DO NOT expect to receive more assets in the near future  The asset is _____

5. I have total liabilities and debts of $ **3,000** as follows: Motor Vehicle $ _____, Home $ **1,500.00** Boat **700.00**
   $ _____, Non-homestead Real Property $ _____, Child Support paid direct $ 0 _____, Credit Cards $ **700.00**
   Medical Bills $ **0** _____, Cost of medicines (monthly) $ **20** _____, Other $ **80.00** .

6. I have a private lawyer in this case ......... ____Yes   **X** No

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. **I attest that the information I have provided on this application is true and accurate to the best of my knowledge.**

Signed on **April 7**, 20**26**

**1974**  **0460**
Year of Birth    Last 4 digits of Driver License or ID Number

Signature of Applicant for Indigent Status
Print Full Legal Name **Charles Hollis**

Email address: **c_hollywood@hotmail.com**  Phone Number/s: **305-725-6072**

**1510 NW 179th Terrace   Miami, FL 33169**
Address: Street, City, State, Zip Code

This form was completed with the assistance of: _____
Clerk/Deputy Clerk/Other authorized person.

---

## CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be (✓) Indigent ( ) Not Indigent, according to s. 57.082, F.S.

Dated on **APR 13 2026**, 20 ____.

Clerk of the Circuit Court
By _____ Deputy Clerk  **30486**

**APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.**

Sign here if you want the judge to review the clerk's decision _____

07/01/2014 - upd 7-20-18

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
# IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**CHARLES HOLLIS,**  Plaintiff,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee,**  Defendant.

**Case No.:** 2026-007504-CA-01

---

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION STAYING FORECLOSURE SALE
### SALE DATE: APRIL 21, 2026

## I.  INTRODUCTION

This is an independent equitable action — Case No. 2026-007504-CA-01 — filed on fresh grounds never adjudicated in any prior proceeding. The foreclosure sale of Plaintiff's home is scheduled for April 21, 2026. This Court has never ruled on the claims before it. Plaintiff respectfully moves for an emergency Temporary Restraining Order and Preliminary Injunction staying the sale pending this Court's consideration of claims that have never been heard by any judge.

## II.  THIS IS A NEW INDEPENDENT ACTION — PRIOR RULINGS DO NOT BIND THIS COURT

1. This action was filed as a new independent equitable complaint and assigned Case No. 2026-007504-CA-01. It is not a motion in Case No. 2016-003907-CA-01 and is not subject to any ruling by Judge Trawick in that case.

2. Judge Trawick's April 3, 2026 Order addressed a motion filed inside the old case. That order expressly stated: all arguments 'were either addressed prior to the judgment being entered, or

consented to at the Final Judgment.' That statement is factually and legally incorrect as to the claims in this new action — standing and TILA were never raised, briefed, or ruled upon in any proceeding at any time.

**3.** An independent equitable action is a recognized and distinct procedural vehicle in Florida. *Rooks v. Rooks*, 429 So.2d 1166 (Fla. 3d DCA 1983); *Hallmark v. Allison*, 451 So.2d 521 (Fla. 3d DCA 1984). It is not barred by prior rulings in the original foreclosure case, particularly where the grounds were never actually litigated.

## III.  THE FOUR-FACTOR INJUNCTION TEST IS SATISFIED

### A.  Substantial Likelihood of Success on the Merits

**Ground 1 — Lack of Standing (Never Adjudicated).**

Florida law is settled: a foreclosure plaintiff must hold or own the note *at the time the complaint is filed*. *McLean v. JP Morgan Chase Bank*, 79 So.3d 170, 173 (Fla. 4th DCA 2012); *Riggs v. Aurora Loan Servs., LLC*, 36 So.3d 932 (Fla. 4th DCA 2010). Standing cannot be established retroactively. *Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So.2d 1281 (Fla. 2d DCA 2005).

Deutsche Bank National Trust Company acts as trustee for a securitized mortgage trust. Securitization requires: (a) a complete unbroken chain of endorsements on the original note delivered to the trust before its closing date; and (b) a valid assignment of the mortgage. The chain of endorsements on the note in this case was **never examined, tested, or proven** in Case No. 2016-003907-CA-01. The prior case ended by consent — not a merits adjudication. There is no ruling on standing to which res judicata attaches. *Cromwell v. County of Sac*, 94 U.S. 351 (1876).

The MERS assignment through which the mortgage was transferred is additionally suspect. MERS acts as nominee only and has been held to lack authority to assign the beneficial interest. *Mortgage Elec. Registration Sys., Inc. v. Azize*, 965 So.2d 151 (Fla. 2d DCA 2007). A

foreclosing plaintiff that cannot establish an unbroken chain of title from the originating lender lacks standing as a matter of law.

**Ground 2 — TILA Violations / Right of Rescission (Never Adjudicated).**

The Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, imposes mandatory disclosure requirements on creditors. Section 1635 provides a right of rescission of up to three years where required disclosures were not made or were materially inaccurate. Upon valid rescission, **the security interest in the property becomes void as a matter of federal law**. 15 U.S.C. § 1635(b); *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 261 (2015) (rescission effective upon written notice, not court order).

These TILA claims were never raised in Case No. 2016-003907-CA-01. They are not barred. If the security interest is void by operation of federal law, Deutsche Bank had no enforceable security interest to foreclose — regardless of what occurred in the prior proceeding.

### B.  Irreparable Harm

Loss of real property constitutes irreparable harm as a matter of Florida law. *Vonck v. Vonck*, 427 So.2d 1135 (Fla. 3d DCA 1983). Once the April 21 sale closes, title transfers and no subsequent order of this Court can restore the Property to Plaintiff. The harm is permanent and complete. This factor is satisfied as a matter of law.

### C.  No Adequate Remedy at Law

Money damages cannot replicate homeownership. Once title transfers, particularly to a bona fide third-party purchaser, recovery of the property through subsequent litigation is practically and legally foreclosed. There is no adequate remedy at law.

### D.  Public Interest

The public interest favors judicial determination of whether a foreclosing plaintiff had standing before allowing it to take a homeowner's property. It also favors enforcement of federal

consumer protection law. Both weigh against allowing the sale to proceed while unlitigated federal and state claims are pending in an active case before this Court.

## IV.  THIS COURT HAS AN INDEPENDENT DUTY TO CONSIDER THE CLAIMS BEFORE IT

This Court has not ruled on any issue in this case. It is not bound by and has not adopted any finding of Judge Trawick. The claims of standing defect and TILA violation are before this Court for the first time. A court of equity presented with unlitigated meritorious claims and a four-day window before irreversible harm occurs has both the authority and the obligation to maintain the status quo. *Peacock Hotel, Inc. v. Shipman*, 103 Fla. 633 (1931).

## V.  RESERVATION OF RIGHTS

Plaintiff reserves all rights under the Constitution of the United States and the Constitution of the State of Florida. The right to **Trial by Jury** on all triable issues is expressly preserved. Nothing herein constitutes consent to jurisdiction beyond what is necessary to obtain the relief requested. The burden of establishing jurisdiction over Plaintiff rests upon the party asserting it. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

## VI.  RELIEF REQUESTED

WHEREFORE, Plaintiff Charles Hollis respectfully requests this Court:

1.  Issue an immediate Temporary Restraining Order staying the foreclosure sale of the Property at 1510 NW 179th Terrace, Miami Gardens, FL 33169, scheduled for April 21, 2026;

2.  Set an emergency hearing on Plaintiff's motion for Preliminary Injunction within 48 hours;

3.  Issue a Preliminary Injunction maintaining the stay pending full adjudication of Counts I through IV of the Verified Complaint;

4.  Waive or set a nominal bond given the equitable nature of this action and the federal law violations alleged; and

5.  Grant such further relief as equity and justice require.

Respectfully submitted,

_Charles Hollis_                    Date: 4/20/26

**CHARLES HOLLIS, Plaintiff Pro Se**

1510 NW 179th Terrace, Miami Gardens, FL 33169

c_hollywood@hotmail.com

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel for Defendant Deutsche Bank National Trust Company and its counsel of record via the Florida Courts E-Filing Portal and by Certified Mail, Return Receipt Requested, on this _____ day of April, 2026.

_Charles Hollis_

**CHARLES HOLLIS, Pro Se**

1510 NW 179th Terrace, Miami Gardens, FL 33169

c_hollywood@hotmail.com

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

Filing # 246521841 E-Filed 04/21/2026 04:22:14 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT

IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CHARLES HOLLIS,   Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee,   Defendant.

Case No.: 2026-007504-CA-01

---

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

## ORDER

### AND PRELIMINARY INJUNCTION STAYING FORECLOSURE SALE

### SALE DATE: APRIL 21, 2026

## I.  INTRODUCTION

This is an independent equitable action — Case No. 2026-007504-CA-01 — filed on fresh grounds never adjudicated in any prior proceeding. The foreclosure sale of Plaintiff's home is scheduled for April 21, 2026. This Court has never ruled on the claims before it. Plaintiff respectfully moves for an emergency Temporary Restraining Order and Preliminary Injunction staying the sale pending this Court's consideration of claims that have never been heard by any judge.

## II.  THIS IS A NEW INDEPENDENT ACTION — PRIOR RULINGS DO NOT BIND THIS COURT

1.  This action was filed as a new independent equitable complaint and assigned Case No. 2026-007504-CA-01. It is not a motion in Case No. 2016-003907-CA-01 and is not subject to any ruling by Judge Trawick in that case.

2.  Judge Trawick's April 3, 2026 Order addressed a motion filed inside the old case. That order expressly stated: all arguments 'were either addressed prior to the judgment being entered, or

consented to at the Final Judgment.' That statement is factually and legally incorrect as to the claims in this new action — standing and TILA were never raised, briefed, or ruled upon in any proceeding at any time.

3. An independent equitable action is a recognized and distinct procedural vehicle in Florida. *Rooks v. Rooks*, 429 So.2d 1166 (Fla. 3d DCA 1983); *Hallmark v. Allison*, 451 So.2d 521 (Fla. 3d DCA 1984). It is not barred by prior rulings in the original foreclosure case, particularly where the grounds were never actually litigated.

## III.  THE FOUR-FACTOR INJUNCTION TEST IS SATISFIED

### A.  Substantial Likelihood of Success on the Merits

**Ground 1 — Lack of Standing (Never Adjudicated).**

Florida law is settled: a foreclosure plaintiff must hold or own the note *at the time the complaint is filed*. *McLean v. JP Morgan Chase Bank*, 79 So.3d 170, 173 (Fla. 4th DCA 2012); *Riggs v. Aurora Loan Servs., LLC*, 36 So.3d 932 (Fla. 4th DCA 2010). Standing cannot be established retroactively. *Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic*, 913 So.2d 1281 (Fla. 2d DCA 2005).

Deutsche Bank National Trust Company acts as trustee for a securitized mortgage trust. Securitization requires: (a) a complete unbroken chain of endorsements on the original note delivered to the trust before its closing date; and (b) a valid assignment of the mortgage. The chain of endorsements on the note in this case was **never examined, tested, or proven** in Case No. 2016-003907-CA-01. The prior case ended by consent — not a merits adjudication. There is no ruling on standing to which res judicata attaches. *Cromwell v. County of Sac*, 94 U.S. 351 (1876).

The MERS assignment through which the mortgage was transferred is additionally suspect. MERS acts as nominee only and has been held to lack authority to assign the beneficial interest. *Mortgage Elec. Registration Sys., Inc. v. Azize*, 965 So.2d 151 (Fla. 2d DCA 2007). A

foreclosing plaintiff that cannot establish an unbroken chain of title from the originating lender lacks standing as a matter of law.

**Ground 2 — TILA Violations / Right of Rescission (Never Adjudicated).**

The Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, imposes mandatory disclosure requirements on creditors. Section 1635 provides a right of rescission of up to three years where required disclosures were not made or were materially inaccurate. Upon valid rescission, **the security interest in the property becomes void as a matter of federal law**. 15 U.S.C. § 1635(b); *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 261 (2015) (rescission effective upon written notice, not court order).

These TILA claims were never raised in Case No. 2016-003907-CA-01. They are not barred. If the security interest is void by operation of federal law, Deutsche Bank had no enforceable security interest to foreclose — regardless of what occurred in the prior proceeding.

## B.  Irreparable Harm

Loss of real property constitutes irreparable harm as a matter of Florida law. *Vonck v. Vonck*, 427 So.2d 1135 (Fla. 3d DCA 1983). Once the April 21 sale closes, title transfers and no subsequent order of this Court can restore the Property to Plaintiff. The harm is permanent and complete. This factor is satisfied as a matter of law.

## C.  No Adequate Remedy at Law

Money damages cannot replicate homeownership. Once title transfers, particularly to a bona fide third-party purchaser, recovery of the property through subsequent litigation is practically and legally foreclosed. There is no adequate remedy at law.

## D.  Public Interest

The public interest favors judicial determination of whether a foreclosing plaintiff had standing before allowing it to take a homeowner's property. It also favors enforcement of federal

consumer protection law. Both weigh against allowing the sale to proceed while unlitigated federal and state claims are pending in an active case before this Court.

## IV.  THIS COURT HAS AN INDEPENDENT DUTY TO CONSIDER THE CLAIMS BEFORE IT

This Court has not ruled on any issue in this case. It is not bound by and has not adopted any finding of Judge Trawick. The claims of standing defect and TILA violation are before this Court for the first time. A court of equity presented with unlitigated meritorious claims and a four-day window before irreversible harm occurs has both the authority and the obligation to maintain the status quo. *Peacock Hotel, Inc. v. Shipman*, 103 Fla. 633 (1931).

## V.  RESERVATION OF RIGHTS

Plaintiff reserves all rights under the Constitution of the United States and the Constitution of the State of Florida. The right to **Trial by Jury** on all triable issues is expressly preserved. Nothing herein constitutes consent to jurisdiction beyond what is necessary to obtain the relief requested. The burden of establishing jurisdiction over Plaintiff rests upon the party asserting it. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

## VI.  RELIEF REQUESTED

WHEREFORE, Plaintiff Charles Hollis respectfully requests this Court:

1.  Issue an immediate Temporary Restraining Order staying the foreclosure sale of the Property at 1510 NW 179th Terrace, Miami Gardens, FL 33169, scheduled for April 21, 2026;

2.  Set an emergency hearing on Plaintiff's motion for Preliminary Injunction within 48 hours;

3.  Issue a Preliminary Injunction maintaining the stay pending full adjudication of Counts I through IV of the Verified Complaint;

4.  Waive or set a nominal bond given the equitable nature of this action and the federal law violations alleged; and

5.  Grant such further relief as equity and justice require.

Respectfully submitted,

Date: 4/20/26

**CHARLES HOLLIS, Plaintiff Pro Se**

1510 NW 179th Terrace, Miami Gardens, FL 33169

c_hollywood@hotmail.com

---

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel for Defendant Deutsche Bank National Trust Company and its counsel of record via the Florida Courts E-Filing Portal and by Certified Mail, Return Receipt Requested, on this ___20th___ day of April, 2026.

**CHARLES HOLLIS, Pro Se**

1510 NW 179th Terrace, Miami Gardens, FL 33169

c_hollywood@hotmail.com

Filing # 246645365 E-Filed 04/23/2026 09:00:48 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2026-007504-CA-01
SECTION: CA09
JUDGE: Abby Cynamon

**CHARLES HOLLIS**

Plaintiff(s)

vs.

**DEUTSCHE BANK**

Defendant(s)

_____/

## ORDER ON EMERGENCY MOTION

The Court has read the Emergency Motion and FINDS AND ORDERS as follows:

The underlying case, 2016-3907 CA 01, is before another Circuit Judge. As such, this Court cannot entertain the Motion.

An order scheduling foreclosure sale was issued by the other Circuit Judge.

The moving party shall file his motion before the other Circuit Judge presiding in 2016-3907 CA 01.

Whereupon it is hereby ORDERED AND ADJUDGED that the Emergency Motion is DENIED.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 23rd day of April, 2026.

2026-007504-CA-01 04-23-2026 8:55 AM

2026-007504-CA-01 04-23-2026 8:55 AM
Hon. Abby Cynamon

**CIRCUIT COURT JUDGE**
Electronically Signed

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

Final Order as to All Parties UCR #: **CA010** (Disposed by Judge)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

**Electronically Served:**

- Charles Hollis: c_hollywood@hotmail.com
- Lara Diskin: flhearingcoordinators@logs.com
- David Ehrlich: David@Ehrlichlawllc.com
- Shapiro Fishman & Gasche, LLP: SFGBocaService@logs.com
- Ethan S. Katz: ethan.katz@floridahousing.org
- Jennifer Kopf: fleservice@logs.com
- Marisa Button: marisa.button@flhousing.org
- Robert McClain: flpleadings@mwc-law.com
- Robert McClain: dlanza@nationwidecourtservice.com
- Robert McClain: courtxpress@firmsolutions.us