UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-23301-ALTMAN/Hernandez

CHARLES HOLLIS,

      *Plaintiff,*

v.

DEUTSCHE BANK
NATIONAL TRUST,

      *Defendant.*

_____/

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

On June 3, 2026, Magistrate Judge Hernandez issued a Report and Recommendation (the "R&R") [ECF No. 22], in which she suggested that the Plaintiff's Motion for Temporary Restraining Order [ECF No. 7] and Motion to Preserve Surplus Funds [ECF No. 8] be denied. *See* R&R at 14 ("In sum, Plaintiff has not shown he is likely to succeed on the merits of either version of his TILA claim; nor has he established he is likely to suffer irreparable injury in the absence of injunctive relief, so we recommend that his Injunction Motion be **DENIED**. We recommend that the Preservation and Discovery Order also be **DENIED** because it merely restates the arguments in the Injunction Motion and requests sweeping discovery without supplying good cause for the request."). Judge Hernandez also issued the following warning:

> Within 14 days from the date of this Report and Recommendation, the parties shall file written objections, if any, with the District Judge. Failure to file timely objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.

*Ibid.* (first citing 28 U.S.C. § 636(b)(1); then citing 11th Cir. Rule 3-1; then citing *Patton v. Rowell*, 678 F. App'x 898, 901 (11th Cir. 2017); and then *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 768–69 (11th Cir. 2016)). And, under Federal Rule of Civil Procedure 6(d), our Plaintiff had

until June 20, 2026 to file his objections. *See* FED. R. CIV. P. 6(d) (adding three days for service by mail). That date has come and gone, and neither side has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 22] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's Motion for Temporary Restraining Order [ECF No. 7] and Motion to Preserve Surplus Funds [ECF No. 8] are **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on June 22, 2026.

ROY K. ALTMAN
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record
       Charles Hollis, *pro se*

3